# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA K. SCHULTZ,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1035** (BOR Appeal No. 2048313)
                        (Claim No. 2010100447)

**HEARTLAND PUBLICATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra K. Schultz, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Publications, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board affirmed a March 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 5, 2011, decision to grant 5% permanent partial disability and granted Ms. Shultz an additional 3% permanent partial disability award for a total of 8% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the limited circumstances requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for memorandum decision rather than an opinion.

Ms. Schultz, an employee for Heartland Publications, fell at work on July 15, 2009, and hit her back on a window. Ms. Schultz reported to Boone Memorial Hospital where she was diagnosed with a contusion of her back and a questionable non-displaced rib fracture. The x-ray report showed thoracic and lumbar spine degenerative disc disease as well as a compression deformity at T-11, which was noted to be an old injury. Ms. Schultz then filed for workers'

1

compensation benefits. On October 7, 2009, the claims administrator approved the claim for a thoracic spine contusion, a lumbar spine contusion, and a rib contusion.

Ms. Schultz has had independent medical evaluations from Andrew E. Landis, M.D., Bruce Guberman, M.D., and Prasadarao Mukkamala, M.D. Dr. Landis found Ms. Schultz had no symptoms in her rib cage and therefore recommended no whole person impairment based for the rib cage. Dr. Landis also noted that there was no loss of motion in the thoracic spine and thus recommended no whole person impairment. Dr. Landis found Ms. Schultz did have loss of motion in the lumbar spine. However, he noted that his range of motion study was not valid. Based upon his evaluation, Dr. Landis recommended 5% whole person impairment for the lumbar spine. Dr. Landis placed Ms. Schultz under Category II of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Landis then found no adjustment of the 5% rating was necessary because Ms. Schultz's symptoms fit within Lumbar Category II of the West Virginia Code of State Rules § 85-20-C (2006). The claims administrator awarded Ms. Schultz 5% permanent partial disability based upon the report of Dr. Landis. Ms. Schultz protested.

In a report dated July 17, 2012, Dr. Guberman recommended 3% whole person impairment for loss of motion of the thoracic spine for which he found 1% was due to preexisting problems and therefore recommended 2% whole person impairment for loss of range of motion. He also recommended 2% whole person impairment from Table 75 for a total of 4% whole person impairment for the thoracic spine under the range of motion model of impairment. He placed Ms. Schultz under Thoracic Category II of the West Virginia Code of State Rules § 85-20-D (2006), for which he found Ms. Schultz would be entitled to a 5% whole person impairment rating. Dr. Guberman recommended 6% whole person impairment for loss of motion in the lumbar spine and ascribed 3% of this impairment to the prior low back problems. He then placed Ms. Schultz in Category II of Table 75 for a 5% whole person impairment rating and found Ms. Schultz had a total of 8% whole person impairment under the range of motion model for the lumbar spine. He placed her in Lumbar Category II of West Virginia Code of State Rules § 85-20-C for which he found she would be entitled to an 8% whole person impairment rating. He found Ms. Schultz had a total of 13% whole person impairment.

By a report dated February 3, 2013, Dr. Mukkamala, who reviewed Ms. Shultz's medical records, found no loss of motion in the thoracic spine and recommended no whole person impairment. Dr. Mukkamala found 3% whole person impairment for loss of motion in the lumbar spine and 5% whole person impairment under Table 75 for a total of 8% whole person impairment under the range of motion model for the lumbar spine. He apportioned one half of this impairment to the preexisting lumbar problems and therefore recommended 4% whole person impairment in the lumbar spine due to the subject compensable injury under range of motion. He placed Ms. Schultz in Lumbar Category II of West Virginia Code of State Rules § 85-20-C for which he found she would be entitled to a total of 5% whole person impairment.

The Office of Judges determined that Ms. Shultz was entitled to a 8% permanent partial disability award for her July 15, 2009, compensable injury. Because no physician recommended any whole person impairment for the rib cage, the Office of Judges determined no permanent

partial disability should be awarded for Ms. Shultz's rib cage. The Office of Judges noted that the only person who recommended any impairment for the thoracic spine was Dr. Guberman. Both Dr. Landis and Dr. Mukkamala found that Ms. Schultz did not have any loss of motion in her thoracic spine. The Office of Judges determined that the consistent reports of Dr. Landis and Dr. Mukkamala were more persuasive. In the lumbar spine area, Dr. Landis did not obtain a valid range of motion measurement. The Office of Judges chose to disregard his report. The Office of Judges noted that Dr. Guberman found slightly more impairment than Dr. Mukkamala. The Office of Judges also noted that both physicians apportioned about half of the whole person impairment to preexisting diagnosis. Ms. Schultz had degenerative disc disease and back problems before. The Office of Judges then examined the way each doctor performed their apportionment. The Office of Judges noted that one of the biggest differences between the evaluations is that Dr. Mukkamala accounted for the preexisting impairment after the entire range of motion model of impairment had been estimated, whereas Dr. Guberman only applied the preexisting impairment to the loss of motion finding and not the Table 75 finding. As a result, the Office of Judges felt that Dr. Guberman's report was more reliable. Accordingly, the Office of Judges reversed the claims administrator and awarded an additional 3% permanent partial disability for a total of 8%. The Board of Review affirmed the Office of Judges.

The decision of the Board of Review is based upon a material mischaracterization of the reliability of Dr. Guberman's evaluation. Dr. Guberman's evaluation was not consistent with this Court's prior decisions on the proper time to apportion for preexisting injuries. *E.g.*, *Boone v. SWVA, Inc.*, No. 12-0221 (June 11, 2014) (affirming the Board of Review's grant of a 5% permanent partial disability award because it was based upon an impairment recommendation in which an apportionment for a preexisting condition was made after the evaluator adjusted his rating to fit within West Virginia Code of State Rules § 85-20-C). Because Dr. Mukkamala also apportioned for preexisting lumbar problems before he adjusted Ms. Shultz's impairment to fit within West Virginia Code of State Rules § 85-20-C, his apportionment recommendation is not an adequate reflection of Ms. Shultz's permanent disability and cannot be used. The Board of Review should have required that Ms. Schultz be evaluated in a manner that was consistent with this Court's prior decisions on apportioning preexisting impairment.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the case is remanded with instructions for Ms. Schultz to have an independent medical evaluation consistent with this decision.

Reversed and Remanded.

**ISSUED: June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum